No. 85-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

WILLARD NELSON,

        Plaintiff and Respondent,

  -vs-

DAVIS MODERN MACHINERY,

        Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Warden, Christiansen, Johnson & Berg; Todd A. Hammer,
Kalispell, Montana

    For Respondent:

        M. Richard Gebhardt, Ronan, Montana

Submitted on Briefs: Dec. 18, 1985

Decided: March 13, 1986

Filed: MAR 13 1986

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Respondent filed his complaint with the District Court of the Eleventh Judicial District alleging breach of warranty and negligence by appellant. Trial was held without a jury in three disjointed sessions on December 7, 1983, January 19, 1984, and May 17, 1984. Ten months later, on March 15, 1985, the District Court issued its findings of fact and conclusions of law in favor of respondent. The court entered judgment in the sum of $25,664.68 with no offset for balance due appellant or mitigation of damages. This appeal ensued.

The findings of fact by the District Court are not sufficient to support the damages awarded. We therefore reverse and remand for new trial.

Appellant raises the following issues:

1. Did the District Court err in concluding there was breach of warranty and dealer negligence after finding that the machine was taken by respondent on a "tryout" basis?

2. Did the District Court err in not making any findings with regard to mitigation of damages?

3. Did the District Court err in admitting a repair bill without testimony that could establish that the bill was admissible hearsay?

4. Did the District Court err in finding the silage was unsuitable because of inferior protein content?

5. Did the District Court err in failing to offset the balance due to appellant from the damages awarded to respondent?

There was conflicting or insufficient testimony at trial regarding several matters important for the proper resolution of this case. The following summarizes the

2

findings of the District Court. Because the scenario is incomplete, however, certain details are filled in by reference to the trial transcript where noted.

Respondent, Willard Nelson, runs a dairy farm near Charlo, Montana. In the summer of 1980, he raised peas, barley and oats which were to be made into silage. The silage, in turn, was to feed his forty milk cows in the fall and winter. Unfortunately, the crops were put up too dry for the chemical and biological reactions which preserve silage in a state nutritious for cows. The dryness of the crops resulted from delays caused by the faulty operation of a piece of farm equipment known as a silage chopper. The silage proved unsuitable as food for milk cows, and respondent suffered a loss in milk production. He was also forced to buy hay in order to feed his cattle through the winter.

In late July 1980, respondent went to appellant's store to purchase a silage chopper. He needed a unit that was compatible with the power take-off assembly on his "Super 90" Massey Ferguson tractor which rotated at 540 revolutions per minute (rpm's). In order to work properly, a chopper must be compatible with the tractor in rpm's and horsepower. Appellant was aware of the type of chopper required by respondent, and respondent relied on appellant to furnish him with a compatible chopper. Appellant proposed to sell respondent a used "880" New Holland chopper which he thought would meet respondent's need.

However, there was uncertainty regarding both the rpm's requirements of the chopper and whether or not respondent's tractor possessed enough power to operate the chopper properly. Rather than running tests at the store, the parties

agreed that respondent would take the chopper on a "tryout" basis, to determine compatibility.

Respondent took the chopper to his farm and ordered a yolk (a part required for coupling the chopper with the power take-off) from Stedje Brothers, a local dealer in New Holland farm equipment. When the yolk arrived, respondent attached the chopper to his tractor and began chopping in his field. However, the chopper kept plugging up and causing delay. We note at this time that testimony from Stedje Brothers may have helped clarify when the chopper was taken by respondent. Unfortunately, no one from Stedje Brothers was called to testify.

Respondent complained to appellant in late July or August, and appellant sent an employee to the farm to adjust and sharpen the knives on the chopper. When the problems persisted, appellant told respondent that the tractor was likely underpowered. Possibly, though the findings by the District Court do not say, because respondent planned to buy a larger tractor for the next season, he agreed to purchase the chopper anyway after appellant deducted $200 from the purchase price. The findings of fact are unclear as to when during the harvest this transaction occurred. However, the respondent testified at trial that it did not occur until after all of the crops were harvested. He also testified that he took the chopper "as is" at this time, because he thought the problem was with his tractor and not the chopper. The District Court, however, determined that an "as is" provision written on the purchase order was ineffective as a disclaimer of implied warranty.

There are additional findings of fact regarding the purchase order and a financing agreement with dates which do

4

not fit with the chronology presented in this scenario. However, these documents were either altered or manipulated to such a degree during appellant's efforts to obtain financing for respondent that their evidentiary value is questionable. The Court notes that appellant's employee, Don Blasdell, signed the purchase order and handled much of the dealings with respondent. We are puzzled why there was no testimony by Blasdell to help clear up the chronology and manipulations during the transaction.

The next spring, respondent discovered that the faulty operation of the chopper was the result of incompatible rpm's between the chopper and the tractor rather than the lack of power in his tractor as represented by appellant. Respondent brought this action against appellant in District Court for breach of warranty and negligence. The District Court found in favor of respondent based on implied warranty of fitness, negligence and constructive fraud. Appellant appeals that judgment.

The findings of fact by the District Court do not support its conclusions of law. Furthermore, because of the disjointed trial and the long delay before issuance of the District Court's opinion, we reviewed the transcript carefully. The testimony appearing in the transcript is contradictory and insufficient to properly resolve the dispute. We therefore find that a new trial is necessary.


I

Appellant's primary claim of error concerns an inconsistency between a finding of fact and conclusion of law by the District Court. The point is well taken.

The District Court made the following finding of fact:

5

> 4. However, as there was some uncertainty in the minds of the parties at the time of Plaintiff's purchase whether the chopper would require interface with a 540- or 1000-rpm power take-off, and because Defendant did not take the time and trouble to test the chopper mechanically, in accordance with its usual practice, it was understood and agreed between the parties that Plaintiff would take and use it on a "tryout" basis to ascertain whether the chopper indeed was compatible with his tractor and equipment. In fact, but unbeknownst to the parties at that time, it was not.

On the other hand, the court concluded that appellant was liable based on breach of implied warranty of fitness, negligent misrepresentation and constructive fraud. We agree with appellant that the findings and conclusions by the District Court are inconsistent and contradictory for reasons that will follow.

The breach of warranty claim is governed by the Uniform Commercial Code (UCC) as adopted by Montana. The UCC classifies buyer's remedies conceptually on the basis of whether (1) the buyer has rejected or revoked acceptance of the goods, § 30-2-711, MCA; or (2) the buyer has accepted goods which do not conform to the contract, § 30-2-714, MCA. As such, different remedies are available for seller's breach prior to and subsequent to acceptance. The breach of warranty remedy appears only under the provision for "breach in regard to accepted goods," § 30-2-714, MCA, and damages for breach of warranty are measured by reference to the time of acceptance, § 30-2-714(2), MCA. Therefore, an action for breach of warranty cannot arise until after acceptance.

We cannot determine from the District Court's findings when acceptance occurred. One finding of fact says the chopper was purchased when respondent took it to his farm, thereby implying that acceptance occurred at that time. In

6

contrast, another finding of fact says that the chopper was taken to use on a "tryout" basis. Goods taken for a tryout have not been accepted. See § 30-2-606, MCA. Because acceptance is critical to the outcome of this case, these conflicting findings constitute error.

The finding by the District Court that respondent took the chopper on a "tryout" basis because of uncertainty in the minds of the parties is likewise inconsistent with the theories of negligent misrepresentation and constructive fraud. Both theories require misrepresentation. Because respondent took the chopper on a tryout basis, there could be no misrepresentation at that time. If, however, the misrepresentation occurred at some later date, we cannot determine from the findings when that was. Since appellant can only be liable for damage occurring after the misrepresentation, the District Court erred in calculating damages from the moment respondent took the chopper.

## II

Appellant's next allegation of error concerns mitigation of damages. This Court recognizes a duty to take reasonable steps to reduce property damages. See Spackman v. Ralph M. Parsons Co. (1966), 147 Mont. 500, 414 P.2d 918. There was testimony that respondent may have reduced his damages by baling the crops as hay. The District Court however, made no findings or conclusions on mitigation. This omission constitutes error.

## III

The District Court awarded respondent $619.13 for the repair of the clutch in his tractor's power take-off unit.

This award was based solely on a bill purporting to be from Stedje Brothers that was admitted as an exhibit over appellant's hearsay and relevancy objection. There was no testimony from a representative of Stedje Brothers to establish the authenticity of the bill or what caused the need for the repair. The District Court admitted the bill as having "such circumstantial guaranties of reliability as to allow it to come in under the residual exception of the hearsay rule" but offered no explanation as to what the guaranties were. See Rule 804(24), M.R.Evid. Appellant alleges error. We agree.

We can see no "circumstantial guaranties of reliability" to allow for admission of the bill as a hearsay exception under Rule 804(24), M.R.Evid. The District Court therefore abused its discretion in admitting the bill. There was further error in awarding damages based solely on the hearsay bill and without evidence that the incompatibility between the tractor and chopper caused the need for the repair.

IV

The next issue we will consider concerns the District Court's finding that the silage had inferior protein content. Appellant claims that respondent Nelson was unqualified to testify on chemical changes in the silage, and that there was no competent evidence to show protein content of the silage. We agree, but we consider the finding harmless. The important finding, that the silage was unsuitable food for milk cows, is supported by substantial evidence in the record, including testimony by respondent and appellant's expert witness, Dave Kettle. However, additional expert testimony on silage chemistry would have been beneficial at trial and

8

may be necessary on retrial to properly resolve the other issues.

V

Finally, appellant complains that the District Court failed to set off the amount owed appellant by respondent on the outstanding balance of the purchase price. The record clearly supports this claim. Fairness dictates that the outstanding balance on the chopper must be deducted from any damages awarded the respondent.

We remand for new trial. We direct that any damages awarded respondent be reduced by the unpaid balance on the chopper.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

9